**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TIFFANY BLACKWELL, individually and
on behalf of all others similarly situated,

              Plaintiff,

      v.

CLARINS U.S.A., INC.,

              Defendant.

Case No. 1:17-cv-5287

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Tiffany Blackwell ("Plaintiff") brings this Class Action Complaint against Clarins U.S.A., Inc. ("Defendant"), individually and on behalf of all others similarly situated, and allege upon personal knowledge as to Plaintiff's acts and experiences, and, as to all other matters, upon information and belief.

## NATURE OF THE ACTION

1.     Plaintiff brings this action individually and on behalf of all other similarly situated alleging violations of various state consumer protection laws, which target and make unlawful deceptive and unfair sales and advertising practices that interfere with fair market competition and that are intended to deceive and induce consumers to purchase goods and services.

2.     Defendant advertises Clarins Paris Body Fit Anti-Cellulite Contouring Expert (the "Product") as an anti-cellulite cream having the capability to reshape, firm, and lift skin to exploit consumers who are anxious to reshape their bodies without undergoing surgery or other invasive procedures.

3.     Defendant's representations are false and misleading because surgery is the only way to reshape, firm, and lift skin that is sagging or loose.  There are no ingredients in Defendant's Product that are capable of producing a lasting effect that counters the myriad factors that cause skin sagging, loosening, and cellulite.

4.     Defendant's representations have induced consumers, including Plaintiff and the Class members, as defined herein, to purchase Defendant's Product, and have caused Plaintiff and the Class members to pay an unjustified, premium price for Defendant's Product, notwithstanding that the Product is worthless for the purpose advertised.

5.     Plaintiff, individually and on behalf of all other similarly situated consumers, brings this action to halt the dissemination of Defendant's false and misleading representations, correct the false and misleading perception Defendant's representations have created in the minds of consumers, and to obtain redress for those who have purchased any of Defendant's Product.

## JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (a) and (d), because the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and more than two-thirds of the members of the proposed Class are citizens of states different from that of Defendant.

7.     This Court has personal jurisdiction over Defendant because Defendant conducts business in Illinois.  Defendant has marketed, promoted, distributed, and sold the Product at issue in Illinois, rendering exercise of jurisdiction by Illinois courts permissible.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Defendant is subject to the personal jurisdiction of this District based on its commercial activities in this

692666.3

District including the sale of the Product. Further, venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

9.     Plaintiff Tiffany Blackwell is a citizen of the State of Illinois, and, at all times relevant to this action, resided in Cook County, Illinois.

10.     Defendant Clarins U.S.A., Inc., is a corporation organized and existing under the laws of the state of New York, with its principal place of business located in New York, New York.

## FACTUAL ALLEGATIONS

*Defendant's Product*

11.     Defendant manufactures, advertises, markets, distributes, and/or sells various skincare, hair and body, and other beauty and wellness products to tens of thousands of consumers in Illinois, and throughout the United States, including the Product.

12.     The Product is a purported anti-cellulite cream.

13.     The Product's front label represents that the Product "Visibly smoothes, firms, lifts" skin:

692666.3



14.     Defendant further represents on its website that "[b]ased on 60 years of contouring expertise, this innovative body treatment—powered by Quince Leaf extract—helps reduce the look of cellulite with targeted refining and reshaping actions," and has the "unique ability to visibly smooth, firm and lift."[1]

15.     These representations are false and misleading because the Product, and other skin care products like it, cannot firm, lift, or reshape the skin, or otherwise "reduce the look" of cellulite.

16.     Skin loosens and sags overtime due to gravity, muscle loss, hormone shifts, and other factors.  The only way to firm, lift or reshape loose and/or sagging skin is to have surgery.

---

[1] *See* Body Fit Anti-Cellulite Contouring Expert, Clarins, https://www.clarinsusa.com/en/body-fit-anti-cellulite-contouring-expert/80021692.html (last visited July 13, 2017)

17. The Product has no ingredients that are capable of changing the shape of, or firming and lifting, a person's skin.

18. Defendant intentionally represented that the Product could reshape and lift skin to prey on consumers who want to reshape their bodies, but do not want or cannot afford to undergo surgery.

19. Defendant's representations have deceived and mislead consumers, including Plaintiff and the Class members, into believing that the Product is capable of reshaping their bodies and lifting and firming their skin.

20. Defendant's false and misleading advertising scheme was intended to deceive consumers into purchasing a product they otherwise would not have purchased and to cause consumers to pay a higher price for the Product than they otherwise would have paid were the Product subject to fair market competition.

21. Defendant knew or should have known that its advertising and marketing practices were false, deceptive, misleading, unfair, and unlawful, and that, by omitting the fact that the Product cannot provide any specialized benefits, Defendant was omitting a material fact that would alter a consumer's decision to purchase the Product and that would not allow Defendant to charge premium prices for the Product.

22. Defendant fraudulently concealed from and intentionally failed to disclose to Plaintiff and the Class members that the Product cannot provide the advertised benefits.

23. Defendant was under a duty, through state and federal law, to disclose to Plaintiff and the Class members the true nature of the Product and the true extent of the benefits they could provide.

692666.3

*Plaintiff's Experience*

24.     In 2016 and 2017, Plaintiff was exposed to and saw Defendant's representations by purchasing the Product.

25.     In 2016, Plaintiff was approached by a representative of Clarins in a Macy's store located on State Street in Chicago, Illinois.

26.     The representative asked Plaintiff if she would be interested in a demonstration for one of Clarins' products.

27.     During the course of the conversation, Plaintiff noticed that Clarins offered the Product.

28.     The representative praised the purported capabilities of the Product, as advertised on the bottle, and stated to Plaintiff that many people have noticed great results.

29.     In reliance on Defendant's representations, Plaintiff purchased the Product for approximately $70.00.  By purchasing the falsely advertised product, Plaintiff suffered injury-in-fact and lost money.

30.     Plaintiff again purchased the Product in 2017 after viewing the representations on the Product's label.

31.     The Product Plaintiff purchased did not provide the advertised benefits.

32.     Had Plaintiff known the truth about Defendant's misrepresentations and omissions at the time of purchase, Plaintiff would not have purchased Defendant's Product and/or would not have paid the price she paid for Defendant's product.

33.     Plaintiff and the Class members have been and will continue to be deceived and misled by Defendant's false, deceptive, and unfair representations.

692666.3

34. Defendant's representations and Defendant's omissions regarding the true nature of the Product were material factors in influencing Plaintiff's and the Class members' decision to purchase the Product.

35. Plaintiff and the Class members were harmed as a result of Defendant's conduct because they purchased a product they otherwise would not have purchased and they paid a premium, unjustified price for Defendant's Product.

36. Accordingly, Plaintiff, like each Class member, lost money and property by way of purchasing Defendant's Product.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of herself and all others, pursuant to Fed. R. Civ. Pro. 23(b)(2) and 23(b)(3), assert this action on behalf of the following classes:

### Multi-State Class

> All individuals who: (a) purchased the Product for personal use, family, or household use; (b) are residents of California, Colorado, Florida, Illinois, Indiana, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, Ohio, Oregon, or Washington; (c) within the applicable statute of limitations of these states; (d) up to the date of trial.

38. In the alternative or in addition to the Multi-State Class, Plaintiff brings this action on behalf of herself and all other similarly situated Illinois consumers pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) and seeks certification of the following:

### Illinois Class

> All individuals who: (a) purchased the Product for personal use, family, or household use; (b) are residents Illinois; (c) from three years preceding the filing of the complaint; (d) up to the date of trial.

39. Unless otherwise indicated, "Class" refers to both classes above.

692666.3

40.     Excluded from each Class is Defendant, its parents, subsidiaries, affiliates, officers, and directors, those who purchased the Product for resale, all persons who make a timely election to be excluded from the Class, the judge to whom this case is assigned and any immediate family members thereof, and those who assert claims for personal injury.

41.     Certification of Plaintiff's claims for class wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable.  Defendant has sold many thousands of units of the Product to Class members.

43.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  Specifically, whether Defendant's representations regarding the Product are misleading, unfair, deceptive is a question common to the Class.  Similarly, the Product either is capable of providing the advertised benefits or they are not, and Defendant's uniform representation that the Product is capable of providing reshaping, firming and lifting benefits is true of false.  These questions and others like them are common to the Class and predominate over individual issues.

44.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

45.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**  Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict

692666.3

with the interests of the other Class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

46. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

47. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

692666.3

## CLAIMS ALLEGED

### FIRST CLAIM
**Violation of State Consumer Protection Laws**
**(On Behalf of the Multi-State Class, Alternatively on Behalf of the Illinois Class)**

48.     Plaintiff incorporates paragraphs 1 – 47 as if fully set forth herein.

49.     Plaintiff brings this claim individually and on behalf of the Multi-State Class.  In the alternative, Plaintiff brings this claim individually on behalf of the Illinois Class.

50.     Plaintiff and Multi-State Class members are consumers who purchased and used the Product primarily for personal, family and/or household purposes.

51.     Defendant violated state consumer protection laws by engaging in unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices, including without limitation, by defective design and manufacture of the Product as well as misleading marketing, advertising, selling, and representing of the Product to Plaintiff and the Multi-State Class members. In connection with these sales, Defendant omitted material information about the Product that it was legally obligated to disclose.  Defendant never informed Plaintiff or Class members, at the point of sale or otherwise, that the Product lacked the ingredients and the ability to change the shape of, or firm and lift, a person's skin.  Defendant failed to disclose this information well after it was aware of these conditions.  Defendant has also failed or refused to pay for resulting expenses that Plaintiff and the Multi-State Class members have incurred.

52.     Among other things, Defendant made numerous deceptive statements regarding the Product, including, but not limited to, the following representations that the Product:

(a)     "Visibly smoothes, firms, lifts" skin; and

  (b)  can "reduce the look of cellulite with targeted refining and reshaping actions"

  (c)   has "unique ability to visibly smooth, firm and lift."

53.  Through its conduct, Defendant has violated the following state consumer laws prohibiting unfair methods of competition and unfair, deceptive, unconscionable, fraudulent and/or unlawful acts or practices:

  (a)  The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, § 17200, *et seq.* ;

  (b)  The Colorado Consumer Protection Act, Col. Rev. Stat. Ann. §§ 6-1-105(1)(b), (c), (e) and (g), *et seq.*;

  (c)  The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204(1), *et seq.*;

  (d)  The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Stat. § 505/2, *et seq.*, and the Illinois Uniform Deceptive Trades Practices Act, 815 Ill. Stat. § 510/2(a)(5), (7) and (12), *et seq.*;

  (e)  The Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-3(a) and (b)(1) and (2), *et seq.*;

  (f)  The Massachusetts Consumer Protection Act, Ma. Gen. Laws Ann. Ch. 93A § 2(a), *et seq.*;

  (g)  The Michigan Consumer Protection Act, M.C.P.L.A. § 445.903(1)(c)(e), (s) and (cc), *et seq.*;

  (h)  The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1(5), (7) and (13), *et seq.*, the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1, and Minn. Stat.§ 8.31, subd. 3(a), *et seq.*;

  (i)  The Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.020(1), *et seq.*;

  (j)  The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302(a)(5) and (7), *et seq.*;

692666.3

(k)    The New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, *et seq.*;

(l)    New York Business Law, N.Y. Gen. Bus. Law § 349(a), *et seq.*;

(m)    The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.02(A), (B)(1) and (2), *et seq.* Pursuant to Ohio Rev. Code Ann. § 1345.09(B), Defendant's alleged acts must have been previously declared to be deceptive or unconscionable under Ohio Rev. Code Ann. §§ 1345.02 or 1345.03. Defendant systematically made misrepresentations and material omissions regarding the Product. Ohio courts have previously declared such actions to be deceptive or unconscionable. *See, e.g.*, *Arales v. Furs by Weiss, Inc*., No. 81603, 2003 WL 21469131, at *1-4 (Ohio Ct. App. June 26, 2003) (retailer's omission to consumer was unfair or deceptive); *Lump v. Best Door & Window, Inc*., Nos. 8-01-09, 8-01-10, 2002 WL 462863, at *4-5 (Ohio Ct. App. Mar. 27, 2002) (failure to perform obligations to consumers in a timely and competent manner is a deceptive and unconscionable);

(n)    The Oregon Unfair Trade Practices Act, Or. Rev. Stat. §§ 646.608(1)(e)(g) and (u), *et seq.*;

(o)    The Washington Consumer Protection Act, Wash. Rev. Code § 19.86.020, *et seq.*

54.    The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Stat. § 505/2, *et seq.* ("ICFA"), like the other consumer protection statutes at issue here, prohibits unfair and deceptive acts and practices in the sale of consumer products like Defendant's anti-cellulite Product.

55.    To state a claim under ICFA, a plaintiff must allege: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on deceptive or unfair practice; (3) that the unfair or deceptive practice occurred during the course of conduct involving trade or commerce; and (4) that the plaintiff suffered actual damages proximately caused by the deception.

56.    As alleged herein, Defendant acted deceptively and/or unfairly in violation of ICFA.

692666.3

57.     Cellulite is a fat deposit beneath the skin.

58.     Consumers concerned with cellulite are motivated to purchase anti-cellulite products to avoid the symptoms of cellulite, such as lumpy, dimpled flesh on thighs, hips, buttocks, and belly.

59.     Defendant is keenly aware of consumer demand for anti-cellulite products, including the premium consumers will pay for products that actually address the effects of cellulite by lifting, firming, and reshaping the skin.

60.     Defendant abused consumer demand for anti-cellulite products because it knew or should have known the truth about its Product inability to lift, firm, and reshape skin.

61.     Defendant failed to disclose that information to Plaintiff and the Class during the course of selling the Product. This constitutes a material omission under ICFA's deceptive prong.

62.     Defendant also made material misstatements in violation of ICFA's deceptive prong by making false statements regarding the Product's ability to "visibly smoothe[], firm[], lift[]" skin and "reduce the look of cellulite with targeted refining and reshaping actions' on the label when it had no reasonable basis to do so.

63.      Defendant's conduct constitutes an unfair act under ICFA because it offends public policy, is immoral, unethical, oppressive, and unscrupulous, and causes substantial injury to consumers in the form of monies paid for the Product which purportedly can lift, firm, and reshape skin, when in fact the Product has no ingredients that are capable of changing the shape of, or firming and lifting, a person's skin.

64.     As a matter of public policy, Illinois has expressly adopted the federal food, drug, and cosmetic labeling requirements as its own: "[a] federal regulation automatically adopted

pursuant to this Act takes effect in this State on the date it becomes effective as a Federal regulation." 410 ILCS 620/21.

65.     Pursuant to 410 ILCS 620/19, which mirrors 21 U.S.C. § 362(a), "[a] cosmetic is misbranded … [i]f its labeling is false or misleading in any particular."

66.     Thus, a violation of federal food, drug and cosmetic labeling laws is also a violation of Illinois law and Illinois public policy.

67.     By mislabeling the Product's ability, Defendant has violated Illinois public policy and has thus committed an unfair practice in violation of ICFA.

68.     Defendant's conduct is immoral, unethical, oppressive, and unscrupulous because it knows of consumers' demand for inexpensive alternatives to surgery to lift, firm, and reshape skin and yet markets and sells the Product it knew or should have known, in fact, contains no ingredients that can lift, firm, and reshape skin. Plaintiff and the Class lack a meaningful choice because Defendant purposefully conceals the truth regarding the Product.

69.     Similarly, Defendant's conduct also causes substantial harm to consumers because of the volume of the Product marketed and sold by Defendant. Consumers throughout the State of Illinois have suffered and continue to suffer each time Defendant's false statement that its Product can lift, firm, and reshape skin results in a purchase of the Product.

70.     This wide-spread harm is not trivial. Each 6.9 oz. bottle of the Product sells for around $70, and is sold at hundreds of stores across the country, including Illinois.

71.     Defendant has abused consumers' attraction to anti-cellulite products by advertising and labeling the Product as capable of lifting, firming, and reshaping skin when it lacks any ingredients capable of doing so. In so doing, Defendant misleads consumers about the quality of the Product as compared to other products and services that lift, firm, and reshape skin.

14

692666.3

72.     The prevalence of Defendant's Product, which lacks the ability to lift, firm, and reshape skin, has adversely affected the market for skin treatments by creating consumer confusion.

73.     Because Defendant markets its Product as having the ability to lift, firm, and reshape skin, Defendant can sell its Product at a premium and yet advertise it as a viable means to address these skin related issues. Based on the Product's price advantage, as compared to surgery, and the representation that it can lift, firm, and reshape skin, Plaintiff was duped into purchasing the Product rather than seeking out services and products that could lift, firm and reshape skin.

74.     Defendant intended that Plaintiff and the putative Class rely on its misrepresentations and omissions. By misrepresenting and omitting material information regarding the ability of its Product (or lack thereof) Defendant has engaged in a deceptive practice.

75.     Further, Defendant knew or should have known that its representations of fact concerning the Product are material and likely to mislead consumers.

76.     Plaintiff relied on Defendant's label misrepresentations and claims that the Product can lift, firm, and reshape skin, and these misrepresentations are the proximate cause of Plaintiff's purchases of Defendant's Product and Plaintiff's corresponding economic losses.

77.     Defendant's practices, acts, and course of conduct in marketing and selling the Product as advertised, when it contains no ingredients that can lift, firm, and reshape the skin, are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment. Plaintiff would not have purchased the Product had she known that the Product cannot lift, firm, and reshape the skin and lacks any ingredients capable of doing so.

692666.3

78.    Defendant's deceptive and unfair act involved "trade" and "commerce," as defined by the ICFA, 815 ILCS 505/1(f), because it occurred during the course of advertising, offering for sale, and distributing the Product to Plaintiff, the Class, and the general public.

79.    Plaintiff and the Class suffered actual damages directly and proximately caused by Defendant's deceptive and unfair act in the amount of the purchase price they paid for Defendant's Product plus sales tax.

80.    As contemplated by ICFA, an injunction against Defendant's continued sale of the mislabeled Product should issue.  815 ILCS 505/10a(c). Defendant has sold its mislabeled Product to members of the consuming public many times, both before and since selling it to Plaintiff.

81.    So long as the Product is offered for sale bearing the deceptive and unfair misrepresentations challenged herein, the likelihood exists of continued and repetitive similar harm to the consuming public (including absent putative Class Members not yet aware of the substance of this Complaint).

82.    Given the extent of Defendant's conduct, including its abuse of consumers' preference for such skin care products by knowingly and recklessly selling the Product as advertised,  Defendant's conduct showed malice, motive, and a reckless disregard of the truth such that an award of punitive damages is appropriate.

**SECOND CLAIM**
**Unjust Enrichment**
**(On Behalf of the Multi-State Class, Alternatively on Behalf of the Illinois Class)**

83.    Plaintiff incorporates paragraphs 1 – 47 as if fully set forth herein.

84.    Plaintiff brings this claim individually and on behalf of the Multi-State Class.  In the alternative, Plaintiff brings this claim individually on behalf of the Illinois Class.

692666.3

85. Plaintiff conferred a benefit on Defendant by purchasing and paying a premium price for Defendant's Product.

86. Defendant appreciated such benefits by accepting Plaintiff's payments, and continuing to retain Plaintiff's payments.

87. It would be inequitable for Defendant to retain the benefits it accepted and retained for multiple reasons.

88. First, since Plaintiff would not have purchased the Product absent Defendant's representations and omissions, it would be inequitable for Defendant to retain the proceeds of its misleading and deceptive inducements.

89. Second, since Plaintiff paid a premium, unjustified price as a result of Defendant's false representations, it would be inequitable for Defendant to retain these unjustified premium payments.

90. Third, since Plaintiff paid money to receive a product capable of providing firming, lifting and reshaping benefits, but instead received a product that lacked this capability as advertised, it would be inequitable for Defendant to profit from providing Plaintiff with a product she did not pay for.

91. Accordingly, Plaintiff's payments to Defendant unjustly enriched Defendant, and those payments should be returned to Plaintiff and the Class members.

## **JURY DEMAND**

92. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all claims in this Complaint so triable.

692666.3

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the proposed Class, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.      Declaring that this action is a proper class action, certifying the classes as requested herein, designating Plaintiff as class representative and appointing the undersigned counsel as class counsel;

B.      Ordering payment of damages as provided for by statute and common law;

C.      Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, fraudulent and deceptive business practices;

D.      Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful, unfair, fraudulent and deceptive practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

E.      Ordering payment of attorneys' fees and litigation costs;

F.      Ordering payment of pre- and post-judgment interest on any amounts awarded; and

G.      Ordering such other and further relief as may be just and proper.


Dated: July 18, 2017                    Respectfully submitted,

                                        */s/ Katrina Carroll*

                                        Katrina Carroll
                                        Kyle A. Shamberg
                                        Ismael T. Salam
                                        **LITE DEPALMA GREENBERG, LLC**
                                        212 West Wacker Drive, Suite 500
                                        Chicago, IL  60606
                                        312-750-1265
                                        kcarroll@litedepalma.com
                                        kshamberg@litedepalma.com
                                        isalam@litedepamla.com

692666.3

R. Bruce Carlson (to be admitted *pro hac vice*)
Gary F. Lynch (to be admitted *pro hac vice*)
Kevin Abramowicz (to be admitted *pro hac vice*)
**CARLSON LYNCH SWEET KILPELA &
CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
bcarlson@carlsonlynch.com
glynch@carlsonlynch.com
kabramowicz@carlsonlynch.com


*Attorneys for Plaintiff and the Proposed
Putative Class*

19